



419 Lucille Court
Ridgewood, NJ 07450
cassell.susan@gmail.com

Tel & Fax 201-445-3894
Admitted in NJ, NY & CA
www.njlegalbeagle.com

February 27, 2015

**VIA ELECTRONIC FILING AND OVERNIGHT FEDEX**

The Honorable Claire C. Cecchi
United States District Judge
U.S. District Court for the District
 of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Room 4015
Newark, NJ 07101

> Re:   *ZURU Ltd. v. Telebrands Corp.,* Civil Action No. 15-CV-00548-CCC-JBC, U.S.
> District Court, District of New Jersey

*Expedited Letter Application for Reconsideration of the Court's February 18, 2015 Order to Show Cause with Temporary Restraints or Alternative Protective Order*

Dear Judge Cecchi:

My law firm represents the plaintiff, ZURU Ltd. ("ZURU"), in the above-referenced action.  Pursuant to Page 3, Paragraph (b)(i) of this Court's February 18, 2015 Order to Show Cause with Temporary Restraints ("Order"),[1] ZURU submits this expedited letter application requesting that the Court reconsider its Order or alternatively, enter a protective order prohibiting and postponing all discovery.

## FACTS

ZURU is the exclusive licensee of the intellectual property rights related to the Bunch O Balloons product that was initially invented by Josh Malone ("Mr. Malone"), the founder and managing member of Tinnus Enterprises, LLC ("Tinnus").  The defendant Telebrands markets a product under the name "Balloon Bonanza," the promotion and marketing of which misappropriates the intellectual property related to the Bunch O Balloons product with advertising that is confusing and misleading to consumers.

On January 27, 2015, ZURU filed a complaint with this Court against Telebrands, asserting the following claims: (i) trade dress infringement; (ii) federal trademark infringement;

---

1        This Order is located at CM/ECF Dkt. No. 18.

The Honorable Claire C. Cecchi
February 27, 2015
Page 2

(iii) common law trademark infringement; (iv) fraud pursuant to the New Jersey Consumer Fraud Act; and (v) copyright infringement.

On February 17, 2015, Telebrands filed an Application for an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction and Request for Expedited Discovery ("Motion").

The very next day on February 18, this Court granted Telebrands's Motion and issued its Order. This Court did so before ZURU had an opportunity to file an opposition to Telebrands's Motion.

The Order provides: "ZURU is temporarily enjoined and restrained from communicating with Telebrands' customers. . . ." The Order also states that ZURU "shall show cause before [this Court] why a preliminary injunction should not be entered" and that ZURU "shall file and serve a written response to this Order. . . ." Moreover, the Order provides: "Any disputes over objections to written discovery shall be resolved by letter application to the Court on three (3) calendar days' notice." The Order further notes: "The parties shall include in their briefing whether this Court has the authority to grant Defendants' motion for a preliminary injunction absent an underlying claim by Defendant against Plaintiff."

Notably, Telebrands did not file any counterclaim or responsive pleading along with its Motion. And to date, Telebrands has never filed any counterclaim in this case. In fact, Telebrands states in its Motion that it intends to move to dismiss ZURU's complaint (Mot. at 11 n.2.), and Telebrands recently filed an application extending the time to file such a motion. (CM/ECF Dkt. No. 27.)

Following entry of this Court's February 18 Order, Telebrands served ZURU with broad discovery requests (interrogatories and requests for production). Telebrands also noticed the deposition of ZURU COO Anna Mowbray ("Ms. Mowbray"), who resides in China, for a deposition to take place in New York City.[2] Further, Telebrands has subpoenaed Mr. Malone for deposition, and it has also issued a subpoena *duces tecum* to Mr. Malone and Tinnus, seeking production of a wide-range of various documents.[3]

Because Telebrands's Motion for a temporary restraining order and preliminary injunction was not ripe in the first instance because Telebrands has never filed a counterclaim, ZURU now seeks reconsideration of the Court's Order. Alternatively, because ZURU objects to Telebrands's pending discovery requests, ZURU requests that the Court enter a protective order prohibiting discovery from taking place until after Telebrands files a counterclaim.

---

2       The undersigned has also filed a separate letter application, requesting that the Court require Telebrands to depose Ms. Mowbray via videoconferencing.

3       The undersigned also represents Mr. Malone and Tinnus in connection with Telebrands's outstanding subpoenas. On behalf of Mr. Malone and Tinnus, the undersigned has also filed a separate letter application, requesting that the Court quash these subpoenas.

The Honorable Claire C. Cecchi
February 27, 2015
Page 3

ARGUMENT

I.    TELEBRANDS'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND
      PRELIMINARY INJUNCTION WAS NOT (AND STILL IS NOT) RIPE

Local Civil Rule 7.1(i), which governs motions for reconsideration, provides: "[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order . . . by the Judge . . . . A brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked shall be filed with the Notice of Motion."[4]  This Court should reconsider its prior ruling and conclude that a temporary restraining order and preliminary injunction are not appropriate at this time. That is because Telebrands's Motion seeking such injunctive relief was not ripe when it was filed, based on the controlling authority discussed below.

"*Article III, Section 2 of the Constitution* limits the 'judicial power' of the United States to the resolution of certain 'cases' and 'controversies.'" *A.S. v. Harrison Township Bd. of Educ.*, No. 14-147, 2014 U.S. Dist. LEXIS 171215, at *11 (D.N.J. Dec. 11, 2014) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982)). "Federal courts are courts of limited jurisdiction and thus, are permitted to adjudicate cases and controversies only as allowed under *Article III of the United States Constitution*." *Zany Toys, LLC v. Pearl Enterprises, LLC*, No. 13-5262 (JAP) (TJB), 2015 U.S. Dist. LEXIS 10059, at *6-*7 (D.N.J. Jan. 28, 2015). "The federal courts have jurisdiction over a dispute only if it is a case or controversy." *Lynch v. Rifkin*, No. 96-4922 (JEI), 1997 U.S. Dist. LEXIS 11201, at *5 (D.N.J. July 28, 1997). "When there is no case or controversy, the district court lacks subject matter jurisdiction. . . ." *Zany Toys, LLC*, 2015 U.S. Dist. LEXIS 10059, at *7.

Importantly, "[t]he Supreme Court has noted that 'no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitations of federal-court jurisdiction to actual cases or controversies.'" *Lynch*, 1997 U.S. Dist. LEXIS 11201, at *5 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). "It is a 'bedrock requirement.'" *Id.* (quoting *Valley Forge Christian College*, 454 U.S. at 471).

"A matter is considered 'justiciable' when the case-or-controversy requirement is satisfied. Justiciability determines when federal courts may review a matter. . . ." *Id.* (internal citation omitted). "The 'case' or 'controversy' requirement is enforced through a number of justiciability doctrines, which include . . . ripeness. . . ." *Harrison Township Bd. of Educ.*, 2014 U.S. Dist. LEXIS 171215, at *11. "[T]he doctrine of ripeness limits federal jurisdiction." *Zany Toys, LLC*, 2015 U.S. Dist. LEXIS 10059, at *8. "The doctrine serves to 'determine whether a party has brought [a matter] prematurely and counsels abstention until such time as a dispute is

---

4       ZURU has submitted this combined motion to reconsider and alternative discovery motion for a protective order as an informal letter application pursuant to Page 3, Paragraph (b)(i) of the Order, which states: "Any disputes over objections to written discovery shall be resolved by letter application to the Court on three (3) calendar days' notice." However, if the Court would prefer, ZURU is of course willing to formally file these combined motions pursuant to the motions procedures contained in the Local Civil Rules of Procedure.

The Honorable Claire C. Cecchi
February 27, 2015
Page 4

sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Khodara Environmental, Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004).

Courts across the country have long held that where a plaintiff moves for injunctive relief without filing a complaint, a court has no jurisdiction to grant any such injunctive relief. *See Greene v. Philadelphia Housing Auth.*, 789 F. Supp. 2d 582, 584-85 (E.D. Pa. 2011) ("First, [plaintiff's] motion [for a temporary restraining order and preliminary injunction] was not accompanied by a Complaint or any other Pleading setting forth a proper basis for jurisdiction. . . . In the absence of a complaint requesting particular relief, and setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary injunction. . . . Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief."); *P.K. Family Restaurant v. Commissioner*, 535 F. Supp. 1223-24 (D. Ohio 1982) ("Absent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief"); *Adair v. England*, 193 F. Supp. 2d 196, 20 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.").

Notably, courts have applied this same principle to situations where a defendant moves for injunctive relief without filing an attendant counterclaim. In fact, at least one judge within the District of New Jersey has determined that where a defendant (like Telebrands) moves for a temporary restraining order and preliminary injunction without first filing a counterclaim, such a motion is not ripe. *See Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, No. 08-4369 (JLL), 2008 U.S. Dist. LEXIS 83076, at *46-47 (D.N.J. Oct. 17, 2008) (J. Linares); *aff'd, Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, No. 08-4236, 2009 U.S. App. LEXIS 830 (3d Cir. Jan. 8, 2009).

In *Ace American*, U.S. District Judge Linares noted that a motion for injunctive relief filed by a defendant was not ripe until that defendant filed a counterclaim. Only after the defendant filed a counterclaim did the Court deem the motion ripe for decision. *Id.* at 46 ("Although it had not yet filed a counterclaim in this matter, [defendant] filed a motion before this Court requesting temporary restraints and a preliminary injunction against [plaintiff] for violating the Agency Agreement's non-solicitation provisions. **As [defendant] has filed its counterclaim, this Court will address the now-ripened motion as one for a preliminary injunction**.") (emphasis added); *see also Schwartz v. United States*, No. 06-5581 (JBS), 2007 U.S. Dist. LEXIS 74608, at *8 (D.N.J. Oct. 4, 2007) ("When the movant seeks immediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction."); *Alabama v. United States Army Corps. of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("To secure preliminary injunctive relief, a petitioner must demonstrate a substantial likelihood of prevailing on at least one of the causes of action he has asserted.").

Here, Telebrands moved for injunctive relief without ever filing a counterclaim. This Court should follow Judge Linares's sound reasoning and likewise conclude that Telebrands's Motion was not ripe at the time it was granted. Because the Motion was not ripe, this Court lacked the appropriate jurisdiction to grant that motion. For these reasons, ZURU respectfully requests that the Court reconsider its decision and deny Telebrands's Motion.

II.   ALTERNATIVELY, THIS COURT SHOULD ENTER A PROTECTIVE ORDER

The Honorable Claire C. Cecchi
February 27, 2015
Page 5

## PROHIBITING ANY DISCOVERY FROM TAKING PLACE UNTIL TELEBRANDS FILES A COUNTERCLAIM

In the event the Court decides not to reconsider its Order and deny Telebrands's Motion, ZURU respectfully requests that the Court enter a protective order prohibiting any discovery from taking place until such time as Telebrands files a counterclaim. Federal Rule of Civil Procedure 26(c), which governs protective orders, states: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . forbidding the . . . discovery. . . ." Fed. R. Civ. P. 26(c).

Here, good cause indeed exists to prohibit and postpone discovery until Telebrands files a counterclaim. As mentioned, Telebrands has served ZURU with a significant amount of discovery within a short period of time, including a deposition notice directed to Ms. Mowbray. Moreover, Telebrands has issued subpoenas to Mr. Malone and Tinnus. All of this discovery, however, is extremely premature, as Telebrands's request for injunctive relief is not ripe absent a counterclaim.

Moreover, as discussed above, Telebrands has not even filed its responsive pleading yet. Nor have the parties conferred pursuant to Rule 26(f), and Rule 26(d)(1) provides that a "party [like Telebrands] may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). In light of these facts, this Court should, at a minimum, enter a protective order, preventing any discovery from occurring until the appropriate time.

Pursuant to Local Civil Rule 37.1(b)(1), the undersigned certifies that David Ludwig, one of ZURU's attorneys who has been admitted *pro hac vice*, conferred with Telebrands's counsel by telephone in a good faith effort to resolve by agreement the issues raised in this motion without the intervention of the Court and that the parties have been unable to reach agreement. *See* Declaration of David Ludwig, attached hereto as Exhibit A.

For all of the above reasons, we respectfully request that the Court grant ZURU's requested relief here. Thank you.

Respectfully,

/s  Susan C. Cassell
Susan C. Cassell
*Counsel for Plaintiff ZURU Ltd.*

Enclosure

cc:     Robert T. Maldonado, Esq. (via e-mail and U.S. mail)
        Jeffrey L. Snow, Esq. (via e-mail and U.S. mail)
        Elana Araj, Esq. (via e-mail and U.S. mail)

The Honorable Claire C. Cecchi
February 27, 2015
Page 6

Lisa M. Walsh, Esq. (via e-mail and U.S. mail)
Hector Daniel Ruiz, Esq. (via e-mail and U.S. mail)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZURU LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 15-CV-00548-CCC-JBC |
| | ) |
| TELEBRANDS CORP. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF DAVID LUDWIG

I, David Ludwig, hereby declare:

1.      I am a partner with the law firm of Dunlap Bennett & Ludwig PLLC, which the plaintiff, ZURU Ltd. ("ZURU"), has retained to represent it in the above-styled action. I have been admitted to appear *pro hac vice* in the above case. I make this declaration in support of ZURU's motion to reconsider and alternative motion for entry of a protective order. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently hereto.

2.      Pursuant to Local Civil Rule 37.1(b)(1), I certify that I have conferred with Robert Maldonado, Telebrands's counsel, by telephone on February 26, 2015 in a good faith effort to resolve by agreement the issues raised in ZURU's motion without the intervention of the Court and that the parties have been unable to reach agreement.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed this 27th day of February 2015 in

1

Leesburg, Virginia.

David Ludwig, Esquire

2