Susan C. Cassell (N.J. Bar No. 006831985)
Law Office of Susan C. Cassell
419 Lucille Court
Ridgewood, NJ 07450
Tel.: 201-445-3894
Fax: 201-445-3894
cassell.susan@gmail.com

Thomas M. Dunlap (admitted *pro hac vice*)
David Ludwig (admitted *pro hac vice*)
Eric L. Olavson (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
Tel: 202-316-8558
Fax: 202-318-0242
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
eolavson@dbllawyers.com

Cortland C. Putbrese (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
2307 East Broad Street, Suite 301
Richmond, VA 23223
Tel: 703-777-7319
Fax: 703-777-3656
cputbrese@dbllawyers.com

Counsel for plaintiff ZURU Ltd.

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ZURU LTD.,** | ) | Civil Action No. 15-CV-00548-CCC-MF |
| | ) | |
| Plaintiff, | ) | Hon. Claire C. Cecchi, U.S.D.J. |
| | ) | Hon. Mark Falk, U.S.M.J. |
| v. | ) | |
| | ) | **ZURU LTD.'S PRELIMINARY** |
| | ) | **OBJECTIONS TO TELEBRANDS** |
| | ) | **CORP.'S MOTION FOR A** |
| **TELEBRANDS CORP.,** | ) | **TEMPORARY RESTRAINING** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | *ORAL ARGUMENT REQUESTED* |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................2

     I.   Telebrands's Motion for a TRO Violates Federal Rule 65 and Should Be Denied .… 2

     II.  Telebrands's Motion Again Seeks to Violate ZURU's Constitutional Rights ……... 3

     III. Telebrands Seeks to Silence Its Competition with the Consent Order (Dkt. 172) ….. 5

     IV. ZURU Reserves All Rights ……………………………………………………… 5

CONCLUSION ……………………………………………………………………………….. 5

# TABLE OF AUTHORITIES

## CASES

**Page**

*Dublirer v. 2000 Linwood Ave. Owners, Inc.*, 220 N.J. 71, 78-79 (N.J. 2014) …………………... 3

*Nat'l Bankers Trust Corp. v. East West Distrib. & Warehousing*, No. 12-2674-STA-cgc, 2012 U.S. Dist. LEXIS 107017, at *8-9 (W.D. Tenn. Aug. 1, 2012) ………………………………. 2

*Sesolinc GRP, Inc. v. Metal-Con, Inc.*, No. 6:11-cv-96, 2012 U.S. Dist. LEXIS 80868, at *5 (S.D. Ga. June 11, 2012) ……………………………………………………………………….. 3, 4

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935-37 (9th Cir. 2006) …………………………………... 3

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04 Civ. 9651 (KNF), 2013 U.S. Dist. LEXIS 45916, *5 (S.D.N.Y. Mar. 29, 2013) ………………………………………. 2, 3

## RULES

Federal Rule of Civil Procedure 65 …………………………………………………………... 1, 2

Fed. R. Civ. P. 65(b)(1) …………………………………………………………………………. 2

Fed. R. Civ. P. 65(b)(1)(B) ……………………………………………………………………… 2

Fed. R. Civ. P. 65(c) ………………………………………………………………………….. 3

## STATUTES

N.J. Const., Art. I ………………………………………………………………………………... 3

## OTHER MATERIALS

13-65 Moore's Federal Practice - Civil § 65.32 (2015) ………………………………………….. 1

## INTRODUCTION

Yet again Telebrands Corporation ("Telebrands") comes to this Court, claiming that its motion is an "emergency" when in fact it is not. Telebrands's motion for a temporary restraining order ("TRO") and preliminary injunction (Dkt. 176) lacks merit. As Magistrate Judge Falk indicated in today's conference call (December 16) that the Court might rule soon on Telebrands's motion, ZURU Ltd. ("ZURU") hereby preliminarily objects to Telebrands's motion and requests that Telebrands's motion be denied.

As an initial matter, Telebrands's motion for a temporary restraining order fails to comply with Federal Rule of Civil Procedure 65 for lack of proper notice—and for that reason alone, it should be denied. Moreover, Telebrands has engaged in gamesmanship and "tit-for-tat" here. That is because Telebrands filed its present TRO motion only days after ZURU filed its pending preliminary injunction motion against Telebrands. And importantly, Telebrands again seeks to infringe on ZURU's constitutional free speech rights by requesting an order that would prohibit ZURU from communicating with its customers. For at least these reasons, Telebrands's motion to show cause for a TRO and preliminary injunction should be denied.

Further, Telebrands's purported "emergency motion" is contingent on the outcome of ZURU's pending preliminary injunction motion, which seeks to vacate the existing consent order. As ZURU's counsel indicated to the Court today during the conference call, ZURU contends that both motions should be heard at the same time and is willing to wait until after the New Year. To the extent the Court desires to hear the motions before the New Year, ZURU's counsel will make itself available for argument on the motions. In the event that the Court is inclined to grant Telebrands's TRO motion, ZURU requests that a hearing be held on Telebrands's motion before a ruling is made.

**ARGUMENT**

I. Telebrands's Motion for a TRO Violates Federal Rule 65 and Should Be Denied

As Telebrands's request for a temporary restraining order violates Federal Rule of Civil Procedure 65, it should be denied. Rule 65 provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney <u>only if</u> […]the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B) (emphasis added). "Because an ex parte order runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute, the requirements of Rule 65(b)(1) must be scrupulously observed." 13-65 Moore's Federal Practice - Civil § 65.32 (2015) (quotations omitted).

Importantly, courts deny requests for temporary restraining orders if Rule 65(b)(1) is not strictly observed. *See, e.g., Nat'l Bankers Trust Corp. v. East West Distrib. & Warehousing*, No. 12-2674-STA-cgc, 2012 U.S. Dist. LEXIS 107017, at *8-9 (W.D. Tenn. Aug. 1, 2012) ("Rule 65(b)(1) permits courts to issue TROs 'without written or oral notice to the adverse party or its attorney *only if*' the movant satisfies Rule 65(b)(1)'s two requirements. Because Plaintiff has not done so, the Court cannot issue a TRO.") (emphasis in original); *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04 Civ. 9651 (KNF), 2013 U.S. Dist. LEXIS 45916, *5 (S.D.N.Y. Mar. 29, 2013) ("the plaintiffs' attorney failed to certify in his affidavit, pursuant to Rule 65(b)(1)(B), any efforts made to give notice and the reasons why it should not be required.").

Here, Telebrands never told ZURU that it was filing its present motion. Nor did Telebrands make any attempt to meet and confer with ZURU before it moved for a TRO. Rather,

Telebrands filed its motion shortly before midnight on December 15 and did not serve ZURU until shortly after midnight on December 16. In short, Telebrands improperly seeks an *ex parte* ruling without providing notice or giving ZURU a chance to respond. Such a tactic ignores the Federal Rules. That is because the "the movant's attorney [has not] certif[ied] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* As no such certification was given in Telebrands's motion, the Court cannot issue a temporary restraining order. For this reason alone, Telebrands's request for a temporary restraining order should be denied.

Moreover, Telebrands also seeks to post no bond. (Dkt. 174 at p. 4.) But this also is improper, as security is required under Federal Rule of Civil Procedure 65(c). *See Zerega*, No. 04 Civ. 9651 (KNF), at *5 ("the plaintiffs did not give security, as required by Rule 65(c) in connection with obtaining the TRO"). For this reason as well, Telebrands's motion for a temporary restraining order should be denied.

II. Telebrands's Again Seeks to Violate ZURU's Constitutional Rights

For the reasons more fully explained in ZURU's pending motion for a preliminary injunction (Dkt. 172), Telebrands's motion here again demonstrates that Telebrands is trying to abrogate ZURU's constitutional rights. ZURU's right to truthful commercial speech is fundamental under the U.S. and New Jersey Constitutions. *See* N.J. Const., Art. I, ¶ 6; *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935-37 (9th Cir. 2006) ("we must consider whether the demand letters constitute either protected petitioning activity or activity which must be protected to afford breathing space to the right of petition guaranteed by the First Amendment"); *Sesolinc GRP, Inc. v. Metal-Con, Inc.*, No. 6:11-cv-96, 2012 U.S. Dist. LEXIS 80868, at *5 (S.D. Ga. June 11, 2012) ("The consent injunction in this case would prohibit a substantial amount of

speech that is constitutionally protected. Accordingly, the Court finds that the consent injunction is unconstitutionally overbroad."). Notably, the "guarantee [of New Jersey free speech clause] is one of the broadest in the nation, and it affords greater protection than the First Amendment." *Dublirer v. 2000 Linwood Ave. Owners, Inc.*, 220 N.J. 71, 78-79 (N.J. 2014) (citations omitted). "Federal law requires 'state action' to invoke the First Amendment. The State Constitution does not." *Id.*

Here, "[t]he consent injunction in this case would prohibit a substantial amount of speech that is constitutionally protected." *Sesolinc*, No. 6:11-cv-96, at *5. Indeed, if Telebrand's motion was granted, the injunction "would forbid [ZURU and Tinnus] from talking about [Telebrands] at all." *Id.* Notably, Telebrands requests this Court to completely enjoin "Counterclaim Defendants [ZURU and Tinnus] […] from communicating about Telebrands or its products to Telebrands' customers and prospective customers, without first following the review procedures mandated in Paragraph 4 of this Court's Consent Order of May 15, 2015 (Dkt. 87) [.]" (*See* Dkt. 176 at pp. 2-3) (emphasis added). Thus, Telebrands seeks to halt any communications by ZURU and Tinnus relating to Telebrands, including truthful communications. This assumedly would include the truthful (and the inconvenient) fact that a preliminary injunction has been entered against Telebrands, which prohibits Telebrands from selling its knock-off Balloon Bonanza product.

It is clear that Telebrands's overbroad request—which asks the Court to enjoin ZURU from "communicating about Telebrands" in any way—if granted would abrogate and violate ZURU's constitutional rights. Moreover, ZURU notes that ZURU and Telebrands share customers. By enjoining ZURU from communicating with Telebrands's customers, it limits truthful speech to ZURU's own customers. Thus, as the relief Telebrands seeks is repugnant to

the U.S. and New Jersey Constitutions, Telebrands's motion should be denied for this reason as well.

III. <u>Telebrands Seeks to Silence Its Competition with the Consent Order (Dkt. 172)</u>

At its heart, Telebrands is trying to silence its competition here. Specifically, Telebrands seeks to prohibit ZURU from communicating with its own customers so that Telebrands can gain a competitive edge in the marketplace. As a basis for its present TRO motion, Telebrands relies upon the consent order (Dkt. 87) entered earlier in this case—the same consent order which ZURU recently moved to vacate. (Dkt. 172.). That motion is pending before this Court. Because Telebrands relies upon the prior consent order and because Telebrands's present TRO motion is contingent on ZURU's pending motion, this Court should not rule on Telebrands's motion (Dkt. 176) until the Court rules on ZURU's motion to vacate first (Dkt. 172).

IV. <u>ZURU Reserves All Rights</u>

ZURU notes that as Telebrands purports to seek emergency relief, ZURU is merely providing the Court with an expedited preliminary response. ZURU reserves all rights, including without limitation the right to file a complete response in opposition to Telebrands's motion at a later date.[1]

## **CONCLUSION**

For these reasons, ZURU respectfully asks this Court to deny Telebrands's pending motion.

---

[1] ZURU also notes that it intends to file a full opposition to Telebrands's motion to seal. Nothing in the motion to seal contains confidential information. Telebrands conceded during today's phone conference that the Battle Balloons product is not confidential. Instead, Telebrands contends that one of its customers named in its motion is confidential. This argument has no merit. Anyone walking into a store can see that Telebrands sells its products to particular customers. Telebrands purports to own retailers, and claims such customers are a confidential secret, but obviously they are not. Telebrands does not and cannot rebut the presumption of public access to documents here.

Dated:  December 16, 2015  Respectfully submitted,

ZURU Ltd.
By Counsel

     s/    Susan C. Cassell
Susan C. Cassell (N.J. Bar No. 006831985)
Law Office of Susan C. Cassell
419 Lucille Court
Ridgewood, NJ 07450
Phone: 201-445-3894
Fax: 201-445-3894
cassell.susan@gmail.com

Thomas M. Dunlap (admitted *pro hac vice*)
David Ludwig (admitted *pro hac vice*)
Eric L. Olavson (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 316-8558
(202) 318-0242 (fax)
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
eolavson@dbllawyers.com

Cortland C. Putbrese (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
2307 East Broad Street, Suite 301
Richmond, VA 23223
(703) 777-7319
(703) 777-3656 (fax)
cputbrese@dbllawyers.com

*Counsel for the plaintiff ZURU Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2015 a true and correct copy of the foregoing ZURU Ltd.'s Preliminary Objections to Telebrands Corp.'s Motion for a Temporary Restraining Order has been sent to the following counsel of record via electronic filing using the CM/ECF system:

> Robert T. Maldonado
> Elana Araj
> Tonia A. Sayour
> Cooper & Dunham LLP
> 30 Rockefeller Plaza
> New York, New York 10112
> Phone: 212-278-0509
> Fax: 212-391-0525
> rmaldonado@cooperdunham.com
>
> Liza M. Walsh
> Hector Daniel Ruiz
> CONNELL FOLEY LLP
> One Newark Center
> 1085 Raymond Boulevard, 19th Floor
> Newark, NJ 07102
> Phone: 973-757-1100
> Fax: 973-757-1090
> lwalsh@connellfoley.com
> hruiz@connellfoley.com
>
>       s/   Eric L. Olavson
> Eric L. Olavson (admitted *pro hac vice*)
> Dunlap Bennett & Ludwig PLLC
> 1717 Pennsylvania Avenue, NW
> Suite 1025
> Washington, D.C. 20006
> (202) 316-8558
> (202) 318-0242 (fax)
> dludwig@dbllawyers.com
>
> *Counsel for plaintiff ZURU Ltd.*