## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

### LETTER ORDER

June 29, 2016

**TO ALL COUNSEL OF RECORD**

    Re:    <u>Zuru LTD. v. Telebrands Corp., 15-548 (CCC)</u>

Dear Counsel:

    Before the Court is Plaintiff's motion to redact and seal portions of a July 29, 2015 Transcript of Proceedings held in Court before the Honorable Claire C. Cecchi, U.S.D.J. [ECF No. 160]. The motion is opposed. For the reasons stated below, the motion is **granted**.

    As the parties are aware, this is a trademark and copyright action by Zuru alleging that its "Bunch of Balloons" product is infringed by Telebrands' competing "Balloon Bonanza" product. Both parties have alleged that various aspects of the proceedings are confidential and should be sealed, largely due to confidentiality and marketing concerns relating to competitors.

    On July 29, 2015, Judge Cecchi held a hearing on an application by Telebrands seeking a preliminary injunction to prevent Zuru from airing a televison commercial. The Courtroom was closed to the public during the hearing.[1] Discussed during that hearing were emails from Zuru personnel relating to the production of the commercial. Zuru seeks to seal 28 lines—out of a 47 page transcript—that discusses those emails. It contends that the emails reveal confidential communications relating to Zuru's marketing

---

[1] Telebrands Br. at 2 n.1; ECF No. 165.

activities, business strategy, and internal corporate decision-making. Telebrands opposes the motion, arguing the communications involved third parties and do not qualify for sealing.

In this District, the Local Civil Rules provide the framework for consideration of requests to seal judicial proceedings, requiring that the party seeking closure show: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). There is a presumption of public access that must be overcome by a showing of good cause. See L. Civ. R. 5.3(a)(4) ("Subject to this rule and to statute or other law, all . . . judicial proceedings are matters of public record and shall not be sealed."). Good cause exists only when a party shows that disclosure will result in "a clearly defined and serious injury . . . ." Pansy v. Boro. of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994); see also Cipollone v. Liggett Group, 785 F.2d 1108, 1121 (3d Cir. 1986).

Zuru's request to seal is limited and reasonable under the circumstances for the following reasons. First, after reviewing the transcript, the types of emails being discussed do implicate business and marketing strategies, which can qualify for sealing under Rule 5.3. Second, the courtroom was closed during the preliminary injunction discussion, which suggests all involved were aware that the information being discussed was sensitive; this is not a true *ex-post facto* attempt to seal the courtroom. Third, both sides in this case have aggressively sought to seal information in this case, and the Court has granted certain requests to seal similar information. Fourth, there is no articulated public interest in the information at issue—and certainly none sufficient to outweigh Zuru's confidentiality and privacy interests.

Based on the above, Zuru's motion [ECF No. 160] is **GRANTED**.

                                              **s/Mark Falk**
                                              **MARK FALK**
                                              **United States Magistrate Judge**